UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RANDY JOSEPH NOWAK,
by his Guardian Julie Calhoun;
EDWARD DOUGLAS McLELLAN,
by his Guardian Laura McLellan;
DAVID M. BURNS, by his
Power of Attorney designee Roy Saenz; and
MELISSA McDONALD, by her
Power of Attorney designee Craig Coburn--
McDonald, all individually
and as Class Representatives
of a class of similarly situated individuals,

Plaintiffs.

vs.                                                    Civil No._____

CARL H. BAXMEYER, as
President of the St. Joseph
County Board of Commissioners;               CLASS ACTION
MARK ROOT, as
President of the St. Joseph                        JURY TRIAL DEMANDED
County Council; and
ST. JOSEPH COUNTY, INDIANA,
a unit of government,

Defendants.

<u>CLASS ACTION COMPLAINT FOR
EQUITABLE RELIEF AND DAMAGES</u>

<u>Introduction</u>

1.      This is a civil action to vindicate rights guaranteed by the Constitution of

the United States and by federal statutes (with rules promulgated thereunder),

as well as by Article 1, §§ 12 and 23 of the Indiana Constitution of 1851 and

1

Indiana common law. Plaintiffs are residents of Portage Manor, 3016 Portage Avenue, South Bend, IN 46628, a facility operated by St. Joseph County ("the County") since 1907 to house and care for impoverished individuals with physical or mental disabilities. On the property is a "potters' field" cemetery. Plaintiffs sue on behalf of themselves, and a class of similarly situated persons (as defined below), to prevent the threatened closing of Portage Manor and the displacement of Plaintiffs and the class to unknown facilities in unknown locations.

2.      A consequence of the closing of Portage Manor is that Plaintiffs and the class will be moved to segregated institutions, with uncertain capacity and qualifications to care for Plaintiffs and the class, resulting in threats to the health and wellbeing of Plaintiffs and the class.

3.      Because of their poverty and vulnerability, Plaintiffs and the class seek preliminary and permanent injunctions, a declaratory judgment, and other equitable relief, which may include appointment of a Master to oversee operation of Portage Manor and to ensure protection of Plaintiffs and the class.

4.      Plaintiffs and the class state claims, as cited and alleged below, under

(a) Title II of the Americans with Disabilities Act ("ADA");

(b)  Section 504 of the Rehabilitation Act ("Section 504 or § 504");

(c)  the Federal Nursing Home Reform Act ("FNHRA");

(d)  the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States;

(e)  Article 1, §§12 and 23 of the Indiana Constitution of 1851; and

(f)  the common law of Indiana.

5.    Plaintiffs and the class seek trial by jury on all claims so triable and an award of damages, together with an award of reasonable attorney fees.

## Jurisdiction and Venue

6.    This Court has subject matter jurisdiction of this case under:

(a) 28 U.S.C.§1331 because it is a civil action arising under the Constitution, laws, or treaties of the United States;

(b)  28 U.S.C. §1343(a)(1), (3) and (4) because Plaintiff and the class seek to recover, redress and secure damages and equitable relief for violations of the Constitution and laws of the United States; and

(c) this Court may grant a declaratory judgment under 28 U.S.C.§2201 and Fed. R. Civ. Proc. 57, together with damages and other relief under the laws providing causes of action to Plaintiff and the class.

7.    Pursuant to 28 U.S.C. § 1367, Plaintiffs and the class invoke the supplemental (pendent) jurisdiction of this Court over claims based on Indiana state law against all Defendants because those claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the Constitution of the United States.

8.    Venue lies in the Northern District of Indiana because the events alleged herein occurred principally in, and involve persons residing or working in, St. Joseph County.

Parties

Plaintiffs

9.     Plaintiff RANDY JOSEPH NOWAK has resided at Portage Manor for more

than 30 years. He is 56 years old and has been diagnosed with

schizophrenia/bipolar disability, for which he must take medication that can be

administered only by facilities certified to do so by the State of Indiana. His

only income is Social Security Disability Insurance of $1164.00 per month, of

which the total is paid to Portage Manor except for a monthly personal needs

allowance of $52.00.  The anticipated closure of Portage Manor, of which he is

aware, has caused him agitation and undue stress. He sues by his sister and

Guardian, Julie Calhoun, appointed by the St. Joseph Probate Court, with

certified letters of guardianship issued and dated September 4, 2009.

10.    Plaintiff EDWARD DOUGLAS McLELLAN is 47 years old and has resided

at Portage Manor since July 14, 2005. His monthly income is $1,692 total,

derived from $1,306 Social Security Disability Insurance plus $386 from the

United States Railroad Retirement Board, paid through the Social Security

Administration as the disabled child of a former railroad employee. He has

been diagnosed and treated with mild intellectual disabilities, Asperger's

syndrome, bipolar ll disorder, bipolar disorder unspecified, anxiety disorder,

impulse control and conduct disorder, impulse disorder unspecified, major

depressive disorder, insomnia, essential hypertension, nocturnal enuresis,

hypoosmolar hyponatremia, arthropathy, arthritis, eosinophilic esophagitis,

4

gastro-esophageal reflux, chronic rhinitis, chronic sinusitis, hypoglycemia, and xerosis cutis. He sues by his sister and Guardian, Laura McLellan.

11.     Plaintiff DAVID M. BURNS is 65 years old and has resided at Portage Manor for four years. He is blind in one eye, an injury that is connected to military service. He has been diagnosed and is being treated for the following conditions: schizophrenia, dementia, Parkinsonian Tremors, anxiety and depression. He receives Social Security Disability Insurance payments of $2,128.00 and Veterans Administration disability compensation of $696.97 for a total of $ 2,824.97. He is a private pay resident. He sues by his Power of Attorney designee, Roy Saenz.

12.     Plaintiff Burns has these special needs as determined by Portage Manor: required medication management; diminished cognitive ability; elopement risk; previous financial/ mental abuse from daughter; blindness in one eye; and diminished motor skills.

13.     For Plaintiff Burns, Portage Manor provides services beyond Room and Board, including secure medication management; onsite nursing staff; dietary-meal preparation; onsite banking; assistance with bathing/grooming; 24/7 nursing/QMA staff; mail management; primary care; psychiatrist care; coordinated Veterans Administration care; and secure building services.

14.     Plaintiff MELISSA McDONALD is 47 years old and has lived at Portage Manor for 8 years. She was diagnosed with paranoid schizophrenia around the age of 16.  Her monthly income amount, through the Residential Care

Assistance Program insurance, is uncertain, but she retains only a monthly personal needs allowance of $52.00. She needs help with medicine distribution, cooking and cleaning and more extensive related services because she cannot perform these functions consistently. She has no family nearby except her brother. If she is placed too far away from her present residence at Portage Manor, she may roam the streets as she is also recovering from addiction. She sues by her brother and Power of Attorney designee, Craig Coburn—McDonald.

Defendants

15.   Defendant CARL H. BAXMEYER ("Commissioner Baxmeyer" or "Defendant Baxmeyer"), is:

(a) a person acting under color of law within the meaning of 42 U.S.C. § 1983, and

(b) President of the St. Joseph County Board of Commissioners, which is the executive branch of St. Joseph County government.  In that position he is one of three Board of Commission members responsible for administration, operation and maintenance of Portage Manor.

16.   Plaintiffs and the class sue Commissioner Baxmeyer in his official capacity.

17.   Defendant MARK ROOT ("Council President Root or "Defendant Root") is:

(a) a person acting under color of law within the meaning of 42 U.S.C. § 1983, and

(b) President of the St. Joseph County Council, which is the legislative branch of St. Joseph County government. In that position he presides over

the Council, which exercises legislative authority in administration, operation and maintenance of Portage Manor, including appropriation of funds designated for Portage Manor.

18.     Plaintiffs and the class sue Council President Root in his official capacity.

19.     Defendant ST. JOSEPH COUNTY, INDIANA ("the County" or "Defendant St. Joseph County") is:

   (a) a unit of government which operates and administer Portage Manor and owns the land upon which the facility is located;

   (b) a person acting under color of law within the meaning of 42 U.S.C. § 1983;

   (c) a public entity within the meaning of Title II of the ADA, 42 U.S.C. § 12131(1).

   (d) a recipient of federal financial assistance under §504 of the Rehabilitation Act, 29 U.S.C. §794a.

20.     Defendants Commissioner Baxmeyer, Council President Root and St. Joseph County maintain principal offices at 227 W. Jefferson Blvd., 7th fl., South Bend, IN 46601.

<u>Facts</u>

<u>A History of Neglect</u>

21.     The County constructed and established Portage Manor in 1907 as the "St. Joseph County Home" for indigent individuals, including those with disabilities. By 1988, the facility was in disrepair, and, as reported in <u>The South Bend Tribune</u> of February 16, 1988, page C1, the St. Joseph Circuit Court ordered the County to

7

repair the facility in what the newspaper characterized as a "friendly" lawsuit between Portage Manor and the County Board of Commissioners.

22.    As reported by the newspaper, Portage Manor Administrator Desmaris Smith testified in 1988 that the facility's lack of air conditioning threatened loss of its license by the Indiana Board of Health as a state care facility.

23.    Other deficiencies in the structure in 1988 pertained to tuck pointing, absence of nurse call buttons, inadequate wiring, inadequate insulation, an inadequate fire escape and the absence of an emergency generator.

Present County Decision to Close Portage Manor

24.    On information and belief, and based upon reporting by The South Bend Tribune, Portage Manor currently houses approximately 85 residents, and in the past, has housed as many as 140 residents.

25.    On June 6, 2023, the County Board of Commissioners voted 2 /1 to close Portage Manor.  On June 8, The South Bend Tribune reported:

> Officials are working with another facility to accept residents from this county home for people with mental illness and disabilities. The other facility isn't in St. Joseph County. Nor is it in LaPorte County or Michigan, commissioners' attorney Mike Misch told The Tribune. But it's nearby, he said.
> Misch said the partner facility doesn't want to be named yet because it hasn't yet attained licensing from the state of Indiana for the Residential Care Assistance Program, which currently supports about 40 of Portage Manor's residents.
>  "Commissioners decide to close Portage Manor", 2023 WLNR 19809908.

26.    In short, the Board of Commissioners acted without informing residents (and their families) of their destinations and likely alternate placements. The St. Joseph County Board of Commissioners had approved a resolution to close Portage

8

Manor on February 14,2023. A press release dated February 7, 2023 prematurely announced the closure.

27.     On June 13, 2023, the County Council voted 5/4 to approve the action of the Board of Commissioners to close Portage Manor.

28.     On information and belief, based upon a report in <u>The South Bend Tribune</u> on June 15, 2023, Plaintiffs and their class assert that Portage Manor will be closed on or about July 31, 2023. On June 21, 2023, the County Board of Commissioners issued a press release stating that "a stated closure date of July 31, 2023 has been approved by the State of Indiana

29.     On or about June 23, 2023 the St. Joseph County Board of Commissioners issued a press release, reported by radio station WVPE in Elkhart, IN, with the name of Defendant Commissioner Baxmeyer listed with the names of two other Board of Commissioners members. The release and associated news report reiterated the July 31, 2023 closing date for Portage Manor and listed other potential locations for placement of residents, with some locations as far away as Lake County, IN.

30.      Throughout consideration of closing Portage Manor by the Board of Commissioners and the County Council, residents, family members of residents and concerned members of the St. Joseph County community have expressed their strong opposition to the closing by attending meetings of the Board of Commissioners and the County Council, speaking at those meetings and through print and broadcast media, and by participating in a task force addressing the closing of Portage Manor. The distance to Allen County from South

Bend exceeds the distance to Lake County. A possible Noble Senior Living/Grand Marquis facility is 100 miles from Portage Manor.

31.     Portage Manor provides a range of services important to residents' wellbeing and to their abilities to maintain some degree of independence. These include, but are not limited to coordination of care, dietary meal preparation, onsite banking, mail management, primary care, psychiatric care and a secure building site.

32.     There are 144 beds available at Portage Manor. The Average Census prior to the Board of Commissioners' consideration of remodeling/new construction in 2021 had been an average of 122 for the previous 5—10 years according to the County Attorney's Presentation to the County Council on or about January 26 2023. On information and belief, the number of residents had dropped to 105 at the time the County announced plans to close.

33.     Portage Manor provides two especially important services to residents and their families. First is medication management (a task including secure storage and proper administration), which not only meets the needs of residents, but allows families to meet other responsibilities.  Second is 24/7 nursing/QMA staff, service which many Residential Care Assistance Program (RCAP) facilities do not offer.

  Consequences of threatened and actual closure of Portage Manor

34.     On the basis of disability, Plaintiffs and the class have been, are being and will be excluded from participation in and be denied the benefits of the

10

services, programs, or activities of the County, and being subjected to discrimination by the County by the closing of Portage Manor.

35.     On the basis of disability, Plaintiffs and the class have been, are being and will be directly or through contractual, licensing, or other arrangements, on the basis of disability, by the closing of Portage Manor and:

    (a) afforded an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others;

    (b) provided with an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others.

    (c) Have suffered and will suffer discrimination against them as qualified individuals with a disability by the County's providing significant assistance to an agency, organization, or person that discriminates on the basis of disability in providing any aid, benefit, or service to beneficiaries of the County's program;

    (d)  otherwise have been and will be limited as qualified individuals with a disability in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aid, benefit, or service; and have been and will be denied as qualified individuals with a disability the opportunity to participate in services, programs, or activities that are

not separate or different, despite the existence of permissibly separate or different programs or activities.

36.    The County has, directly or through contractual or other arrangements, utilized, is utilizing and will utilize criteria or methods of administration by the closing of Portage Manor:

   (a) that have had and will have the effect of subjecting qualified individuals with disabilities to discrimination on the basis of disability;

   (b) that have had and will have the purpose or effect of defeating or substantially impairing accomplishment of the objectives of the County's Portage Manor program with respect to individuals with disabilities; or

37.    By the closing of Portage Manor, the County has failed, is failing and will fail to make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability and cannot demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity.

38.    By the closing of Portage Manor, the County has imposed and applied, is imposing and applying and will impose and apply eligibility criteria that screen out or tend to screen out individuals with a disability or any class of individuals with disabilities from fully and equally enjoying any service, program, or activity, and has not shown that such criteria can be shown to be necessary for the provision of the service, program, or activity being offered.

39. By the closing of Portage Manor, the County has not, is not and will not administer services, programs, and activities in the most integrated setting appropriate to the needs of qualified individuals with disabilities.

## Class Action

40. Pursuant to Fed. R. Civ. Proc. 23(b)(2) and (b)(3), Plaintiffs file this case as a class action on behalf of a class consisting of:

(a) All residents of Portage Manor; and

(b) All residents who have involuntarily left Portage Manor after being told by Defendants, or a representative of Defendants, that Portage Manor would close.

41. The class is so numerous that joinder of all Portage Manor residents as plaintiffs is impracticable because there are approximately 85 residents and have been as many as 140 residents.

42. The questions of law and fact are common to the class as evidenced by the statement of Facts and Causes of Action pleaded herein.

43. The claims of the representative Plaintiffs are typical of the claims of the class as evidenced by the statement of Facts and Causes of Action pleaded herein.

44. The representative Plaintiffs will fairly and adequately protect the interests of the class as evidenced in part by the experience of undersigned counsel known to this Court.

45.     As evidenced by the statement of Facts and Causes of Action pleaded herein, prosecuting separate actions by individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the defendants; and (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

46.     As evidenced by the Facts stated and Causes of Action pleaded herein, Defendants have acted and refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

47.     As evidenced by the statement of Facts and Causes of Action pleaded herein, the questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

<u>Causes of Action</u>

Incorporation of Previous Allegations
<u>and Basis for Allegations of Intent</u>

48.     Plaintiffs and the class incorporate the preceding paragraphs into each Claim stated below. In each Claim they allege Defendants Commissioner Baxmeyer, Council President Root, and the County acted intentionally and purposely with

14

full awareness that their actions or omissions were illegal. They have had the continual advice of their legal counsel. Defendants Commissioner Baxmeyer, Council President Root, and the County were advised in writing by undersigned counsel of the legal basis for this case prior to filing this Complaint.

Injury and Equity

49.    As a direct and proximate result of the acts and omissions alleged above, Plaintiffs and the class:

(a) have suffered, are suffering and will suffer injuries to their health and to their physical and mental wellbeing;

(b) have been denied, are being and will be denied the opportunity to live in an integrated living placement in which their needs are met;

(c) have experienced, are experiencing and will experience discrimination and deprivation of their rights under Title II of the ADA, Section 504 of the Rehabilitation Act, the Federal Nursing Home Reform Act, the Fourteenth Amendment to the Constitution of the United States, and Article 1, § 12 of the Indiana Constitution of 1851 as alleged in the following Claims.

50.     Because of their poverty and disabilities, Plaintiffs and the class are without an adequate remedy at law and require the intervention of equity in this Court to secure appropriate declaratory and injunctive relief, in addition to any monetary damages awarded in a jury verdict.

First Claim
Title II of the Americans with Disabilities Act

51.    Plaintiffs and the class are qualified individuals with disabilities within the meaning of 42 U.S.C. § 12131(2) in that they are residents of Portage Manor,

15

with physical or mental impairments (or both) that substantially limit them in one or more major life activities; have a record of such impairments; or have been or are being regarded as having such impairments.

52.    Defendant St. Joseph County, which operates and administers Portage Manor, is a public entity within the meaning of 42 U.S.C. § 12131(1)(A) in that it is a unit of local government of the State of Indiana.

53.    Defendant St. Joseph County, as stated above, has, solely by reason of the disabilities of Plaintiffs and the class, violated, and will violate, the rights of Plaintiffs and the class by closing Portage Manor.

54.     Defendants Carl H. Baxmeyer and Mark Root, acting in their official administrative and legislative capacities, as stated above, have, solely by reason of the disabilities of Plaintiffs and the class, violated, and will violate, the rights of Plaintiffs and the class by closing Portage Manor.

55.    As a direct and proximate result of the acts and omissions by Defendants St. Joseph County, Baxmeyer, and Root as set forth above, Plaintiffs and the class have suffered, and will suffer, injuries, as set forth above, if Portage Manor is closed.

56.     Defendants St. Joseph County, Baxmeyer,  and Root, as set forth above, have violated, and will violate, the rights of Plaintiffs and the class by excluding Plaintiffs and the class from participation in, and denying them the benefits of the services, programs, or activities of Portage Manor, and by subjecting Plaintiffs and the class to discrimination, as set forth above, all in

violation of 42 U.S.C. § 12132 and rules promulgated thereunder by the Attorney General of the United States.

Second Claim
Section 504 of the Rehabilitation Act

57.    Plaintiffs and the class are qualified individuals with disabilities within the meaning of 29 U.S.C. § 705(20)(B) in that they are residents of Portage Manor, with physical or mental impairments (or both) that substantially limit them in one or more major life activities; have a record of such impairments; or have been or are being regarded as having such impairments.

58.    Defendant St. Joseph County, which operates and administers Portage Manor, is a recipient of federal financial assistance within the meaning of 29 U.S.C. § 794(b)(1)(A) in that it receives federal grants to administer and operate Portage Manor.

59.    Defendant St. Joseph County, as stated above, has, solely by reason of the disabilities of Plaintiffs and the class, violated, and will violate, the rights of Plaintiffs and the class by closing Portage Manor.

60.    Defendants Carl H. Baxmeyer and Mark Root, acting in their official administrative and legislative capacities, as stated above, have, solely by reason of the disabilities of Plaintiffs and the class, violated, and will violate, the rights of Plaintiffs and the class by closing Portage Manor.

61.    As a direct and proximate result of the acts and omissions by Defendants St. Joseph County, Baxmeyer, and Root, as set forth above, Plaintiffs and the

class have suffered, and will suffer, injuries, as set forth above, if Portage Manor is closed.

62.    Defendants St. Joseph County, Baxmeyer, and Root, as set forth above, have violated, and will violate, the rights of Plaintiffs and the class by excluding Plaintiffs and the class from participation in, and denying them the benefits of the services, programs, or activities of Portage Manor, and by subjecting Plaintiffs and the class to discrimination, as set forth above, all in violation of 29 U.S.C. § 794 (a) and rules promulgated thereunder by the Attorney General of the United States.

Third Claim

Federal Nursing Home Reform Act

63.    The Federal Nursing Home Reform Act ("FNHRA") ensures that nursing homes that receive Medicaid funding respect and protect their residents' health, safety, and dignity. FNHRA establishes statutory requirements that Congress laid out for Medicaid-participant States and nursing facilities. 42 U.S.C. § 1396a(a)(28). Those include requirements relating to residents' rights," § 1396r(c).

64.    FNHRA prohibits discrimination on the basis of disability.

65.    Plaintiffs and the class incorporate their First and Second Claims above into this Third Claim.

66.    Defendants St. Joseph County, Baxmeyer, and Root  are, and will be, acting under color of law within the meaning of 42 U.S.C. § 1983.

67.     Defendants St. Joseph County, Baxmeyer, and Root , as set forth above, have violated, and will violate, the rights of Plaintiffs and the class by excluding Plaintiffs and the class from participation in, and denying them the benefits of the services, programs, or activities of Portage Manor, and by subjecting Plaintiffs and the class to discrimination, as set forth above, all in violation of 42 U.S.C. § 1396a(a)(28) and § 1396r(c).

Fourth Claim
Due Process Clause of the Fourteenth Amendment
<u>to the Constitution of the United States</u>

68.     Defendants St. Joseph County, Baxmeyer, and Root are, and will be, acting under color of law within the meaning of 42 U.S.C. § 1983.

69.     Defendants St. Joseph County, Baxmeyer, and Root have failed to give Plaintiffs and the class adequate notice of their rights and adequate opportunity to contest the closing of Portage Manor and their transfer to other facilities.

70.     On information and belief, some Plaintiffs and class members, or family members and surrogates, have received notices from Indiana state officials telling them of the right to request a hearing within 10 days concerning the closing of Portage Manor, but failing to advise them of the legal basis for the closing and the legal grounds upon which they can challenge the closing. Possible locations listed, but not specified to individual residents, are in Lake and Allen Counties, Indiana.

71.     Defendants St. Joseph County, Baxmeyer, and Root , as set forth above, have violated, and will violate, the rights of Plaintiffs and the class to due process by failing to give Plaintiffs and the class adequate notice of their rights and adequate opportunity to contest the closing of Portage Manor and their transfer to other facilities. Residents and family members received notices from the administrator of Portage Manor, using State forms produced by the Indiana Department of Health, Division of LongTerm Care.

Fifth Claim
Equal Protection Clause of the Fourteenth Amendment
to the Constitution of the United States

72.     Defendants St. Joseph County, Baxmeyer, and Root  are, and will be, acting under color of law within the meaning of 42 U.S.C. § 1983.

73.     Plaintiffs and the class incorporate the preceding First, Second, Third and Fourth Claims.

74.     Defendants St. Joseph County, Baxmeyer, and Root have no rational basis for closing Portage Manor and transferring Plaintiffs and the class to other facilities.

75.      Defendants St. Joseph County, Baxmeyer, and Root, as set forth above, have violated, and will violate, the rights of Plaintiffs and the class to equal protection by closing Portage Manor and transferring Plaintiffs and the class to other facilities.

Sixth Claim (Supplemental Jurisdiction)
Indiana State Law
Article 1, § 12 of the Indiana Constitution of 1851
Due Course of Law

76.    Defendants St. Joseph County, Baxmeyer, Root and are, and will be, acting under color of law within the meaning of 42 U.S.C. § 1983.

77.    Defendants St. Joseph County, Baxmeyer, and Root have failed to give Plaintiffs and the class adequate notice of their rights and adequate opportunity to contest the closing of Portage Manor and their transfer to other facilities.

78.    Defendants St. Joseph County, Baxmeyer, and Root, as set forth above, have violated, and will violate, the rights of Plaintiffs and the class to due course of law by failing to give Plaintiffs and the class adequate notice of their rights and adequate opportunity to contest the closing of Portage Manor and their transfer to other facilities.

Seventh Claim (Supplemental Jurisdiction)
Indiana State Law
Article 1, § 23 of the Indiana Constitution of 1851
Equal Privileges or Immunities

79.    Defendants St. Joseph County, Baxmeyer, and Root are, and will be, acting under color of law within the meaning of 42 U.S.C. § 1983.

80.    Plaintiffs and the class incorporate the preceding First, Second, Third and Fourth Claims.

81.    Defendants St. Joseph County, Baxmeyer, and Root have no rational basis for closing Portage Manor and transferring Plaintiffs and the class to other facilities.

82.    Defendants St. Joseph County, Baxmeyer, and Root, as set forth above, have violated, and will violate, the rights of Plaintiffs and the class to equal

privileges and immunities by closing Portage Manor and transferring Plaintiffs and the class to other facilities.

Eighth Claim (Supplemental Jurisdiction)
Indiana State Law
<u>Common Law Breach of Contract</u>

83.   Defendant St. Joseph County has received grants and tax disbursements funded by the federal government and the State of Indiana to administer and provide services to Plaintiffs and the class at Portage Manor. The County has possession of the pertinent documents and is aware of their content.

84.   Plaintiffs and the class are the intended beneficiaries of those grants and tax disbursements.

85.   The grants and tax disbursements are contracts between the County and the federal government and between the County and the State of Indiana.

86.   The grants and tax disbursements, as contracts, incorporate the legal requirements of Title II of the Americans with Disabilities Act; Section 504 of the Rehabilitation Act; the Federal Nursing Home Reform Act ("FNHRA"), 42 U.S.C. § 1396a(a)(28) and § 1396r(c); the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States; Article 1, §§12 and 23 of the Indiana Constitution of 1851; and the common law of Indiana.

87.   The County has breached those contracts by violating Title II of the Americans with Disabilities Act; Section 504 of the Rehabilitation Act; the Federal Nursing Home Reform Act ("FNHRA"), 42 U.S.C. § 1396a(a)(28) and §

22

1396r(c); the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States; Article 1, §§12 and 23 of the Indiana Constitution of 1851; and the common law of Indiana.

88.     Plaintiffs and the class have suffered and will suffer injuries as a direct and proximate result of the breach.

<u>Jury Demand</u>

89.     Plaintiffs and the class demand trial by jury on all claims so triable.

<u>Relief</u>

WHEREFORE, Plaintiffs and the class request that this Court:

   A.  Certify the Plaintiff class;

   B.  Upon duly noticed motion, preliminarily and permanently enjoin Defendants St. Joseph County, Baxmeyer, and Root from:

      1.  Closing or permitting the closing of Portage Manor until further order of this Court;

      2.  Transferring or permitting the transfer of Plaintiffs and members of the class, against their wishes, to other nursing home facilities until further order of this Court;

      3.  Failing to administer and operate Portage Manor as required by law to protect the health and safety of Plaintiffs and the class until further order of this Court.

   C.  Enter a declaratory judgment:

      1.  determining the rights and responsibilities of the parties;

2.  specifically determining that a judgment lien be placed on the Portage Manor property to prevent sale by the Defendant St. Joseph County to any private entity or person or other entity;

D.  Appoint a Master to oversee compliance with any injunctive and declaratory relief and direct the Defendants to pay the Master's compensation and expenses associated with the Master's duties;

E.  Award damages to Plaintiffs and the class, as justified by the proof, after a jury trial on all claims so triable;

F.  Award, and order Defendants to pay, a reasonable attorneys' fee to Plaintiffs' attorneys, as allowed by 42 U.S.C. § 1988 and related statutes pleaded as Causes of Action; and

G.  Grant such other relief as may be necessary.

Respectfully submitted,

/s/ *Kent Hull*
Kent Hull
Atty. No. 8580-71
238 S. Hawthorne Dr.
South Bend, IN 46617
574-287-3806
hkent507@gmail.com
Atty. For Plaintiffs